IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GINA LARAE MANN,<br><br>Defendant. | CR 22–17–BLG–DLC<br><br><br><br>ORDER |

On July 1, 2024, Defendant Gina Larae Mann filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. 52.)  Mann's projected release date is February 17, 2026.  *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed August 8, 2024).  The government opposes the motion.  (Doc. 54.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United

1

States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Mann argues that her health concerns—including Osteoporosis and chronic myeloid Leukemia—amount to extraordinary and compelling circumstances that warrant early release.  (Doc. 53 at 9.)  Mann submits that she is not receiving adequate medical care at Federal Medical Center, Carswell ("FMC Carswell").  (*Id.*)  For the reasons discussed below, the Court grants the motion.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  On

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

November 21, 2023, Warden M. D. Smith denied Mann's administrative request for a reduction in sentence pursuant to the First Step Act. (Doc. 53-2.) As such, it appears as though Mann has exhausted his administrative remedies.

## II. Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

### A. Nature and Circumstances of the Offense and the History and Characteristics of Mann

On July 27, 2023, Mann was sentenced in this matter to a custodial sentence of 40 months to be followed by 3 years of supervised release after pleading guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 1), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 11), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i)

(Count 21).  (Doc. 48 at 1–3.)

The offense conduct in this case involved Mann committing fraud on a single victim by opening credit cards in his name, withdrawing funds from his accounts without his authorization, transferring funds from his account to her account without his authorization, and using his credit cards and debit cards without his authorization.  (Doc. 51 at 5–7.)  In total, Mann was accountable for a total loss of $119,269.07.  (*Id.* at 7.)

Mann's total criminal history score was 6 at the time of sentencing, placing her in criminal history category III.  (*Id.* at 12.)  Her total offense level was 18, which included the following adjustments: an eight-level upward adjustment and 2 two-level upward adjustments for the specific charateristics of the offense; a two-level victim related upward adjustment; a two-level downward adjustment for acceptance of responsibility; and a one-level downward adjustment for acceptance of responsibility.  (*Id.* at 9–10.)  Accordingly, Mann's guideline range was 33 to 41 months as to Counts 1 and 21 and two years as to Count 11, to run consecutive.  (*Id.* at 18.)  The Court varied downward due to her mental and emotional condition, her significant medical issues, her acceptance of responsibility, and her payments toward restitution.  (Doc. 49 at 3.)

The Court finds that—while the nature and circumstances of the offense are undoubtedly troubling—this factor weighs in favor of Mann's release given the

4

characteristics of Mann, specifically, her significant medical issues, which will be discussed in further detail below.

### B. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Mann has already served twelve months of her sentence. Mann's medical conditions have caused her time in custody to be harsher than contemplated by this Court. Again, while the offense conduct in this matter was serious, the Court believes that releasing Defendant to begin her term of supervised release provides just punishment for the offense.

### C. Deterrence and Public Safety

This factor also weighs in favor of a reduction in sentence. The Court does not believe Mann will commit another crime. The Court also believes Mann does not present a safety risk to the community. Accordingly, this factor weighs in favor of reducing Mann's sentence.

### D. To Provide Effective Correctional Treatment

Mann is not receiving effective correctional treatment at FMC Carswell. Given Mann's untreated medical issues, this factor weighs in favor of a reduction in Mann's sentence.

## III. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes

an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

>   (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>   (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>   (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant

6

is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Mann argues that her extremely poor health and lack of adequate medical care are extraordinary and compelling reasons to reduce her sentence. (Doc. 53 at 9.) The United States counters that Mann does not set forth any specific extraordinary and compelling reasons articulated in the United States Sentencing Guidelines. (Doc. 54 at 10.) The Court agrees with Mann.

In February 2020, Mann was diagnosed with Osteoporosis and chronic myeloid Leukemeia. (*Id.*) Prior to sentencing, Mann's medical provider noted that follow up treatment was needed every three months to control her disease. (Docs. 53 at 9, 53-4 at 1.) Mann's medical provider further explained that without the three month follow up and treatment, Mann is at risk for infection, bleeding and red blood cell deficiency, leukemic transformation requiring more intensive chemotherapy, and death. (*Id.*) However, since being incarcerated, Mann has not received the treatment she needs. For example, in October 2023, Mann missed her fifth dose of chemotherapy medication because it was not refilled on time. (Doc. 53 at 10.) Even though Mann has not entered remission (*See* Doc. 53-6), she has been transferred back and forth from the cancer unit, increasing her risk of contracting COVID-19. (Doc. 53 at 11.) When housed with the general inmate population, Mann's health is less closely monitored, and she is not made aware of, nor taken to, scheduled oncology appointments. (*Id.*)

In addition to cancer, Mann also suffers from scoliosis. Mann's scoliosis has progressed to the point that she has been recommended for spinal surgery; however, she cannot undergo the risk associated with surgery while she battles cancer. (*Id* at 11–12.) In November 2023, Dr. Bollinger at FMC Carswell approved orthopedic shoes to alleviate Mann's worsening back pain, but staff refused to provide an avenue for Mann to obtain the shoes. (Doc. 53-9 at 1.)

In short, the Court finds that Mann presents the perfect example of what amounts to an extraordinary and compelling circumstance. Mann is not only "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of [Mann] to provide self-care within the environment of a correctional facility and from which [] she is not expected to recover," but also she "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023).

## Conclusion

The § 3553(a) factors support granting Mann's request for a reduction in sentence. Mann has demonstrated extraordinary and compelling reasons to warrant a reduction of her custodial sentence, and Mann does not present a danger to the community.

Accordingly, IT IS ORDERED that Mann's motion for compassionate release (Doc. 52) is GRANTED. Mann shall be released from custody to begin her term of supervised release.

IT IS FURTHER ORDERED that this Order is STAYED for up to 21 days to allow the United States Probation Office time to establish Mann's release plan; to make appropriate travel arrangements; and to ensure Mann's safe release.

IT IS FURTHER ORDERED that Mann shall be released as soon as a release plan is established, and appropriate travel arrangements are made.

IT IS FURTHER ORDERED that the United States Probation Office shall review Mann's conditions of supervised release. If modifications are needed, the Probation Office shall notify Mann's attorney.

DATED this 9th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court